UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ROBERT HILL, | Case No. C17-5586RBL |
|---|---|
| Plaintiff, | |
| v. | ORDER AFFIRMING JUDGE LEIGHTON'S DENIAL OF MOTION TO RECUSE |
| KATE MARTIN, | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiff's Motion for Recusal, in which he seeks the recusal of U.S. District Judge Ronald B. Leighton from this case. Dkt. #18. On April 26, 2018, Judge Leighton declined to recuse himself. Dkt. #27. In accordance with the Local Rules of this District, the matter was then referred to the Undersigned for review. LCR 3(e).

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United*

ORDER - 1

*States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555.

In the instant motion, Plaintiff fails to allege any facts or behavior by the Court demonstrating bias towards him. Plaintiff alleges that he attempted to call Judge Leighton's Judicial Assistant to request extensions of time in his case, but that the Judicial Assistant blocked his calls because he was calling from the Washington State Penitentiary in Walla Walla. Dkt. #18 at ¶¶ 3-5. He then questions whether the Court is biased against him because he is incarcerated. Dkt. #18 at ¶ 7. Plaintiff fails to allege any facts pertaining to Judge Leighton from which a reasonable person could find bias. Therefore, the Court finds no evidence upon which to reasonably question Judge Leighton's impartiality and AFFIRMS his denial of Plaintiff's request that he recuse himself.

The Clerk SHALL provide copies of this Order to Plaintiff, all counsel of record, and to Judge Leighton.

DATED this 30 day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 2